UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-362-GWU

DOYLE ROBERTS,                                                    PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                      DEFENDANT.

**INTRODUCTION**

Doyle Roberts brought this action to obtain judicial review of an unfavorable

administrative decision on his applications for Disability Insurance Benefits and for

Supplemental Security Income.  The case is before the court on cross-motions for

summary judgment.

**APPLICABLE LAW**

The Commissioner is required to follow a five-step sequential evaluation

process in assessing whether a claimant is disabled.

1.   Is the claimant currently engaged in substantial gainful activity?
     If so, the claimant is not disabled and the claim is denied.

2.   If the claimant is not currently engaged in substantial gainful
     activity, does he have any "severe" impairment or combination
     of impairments--i.e., any impairments significantly limiting his
     physical or mental ability to do basic work activities?  If not, a
     finding of non-disability is made and the claim is denied.

3.   The third step requires the Commissioner to determine
     whether the claimant's severe impairment(s) or combination of

1

08-362  Doyle Roberts

        impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of Impairments).  If so, disability is conclusively presumed and benefits are awarded.

4.      At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work.  If so, the claimant is not disabled and the claim is denied.  If the plaintiff carries this burden, a prima facie case of disability is established.

5.      If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

08-362  Doyle Roberts

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim.  Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982).  This presumes, of course, that the treating physician's opinion is based on objective medical findings.  Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984).  Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary.  Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).  These have long been well-settled principles within the Circuit.  Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain.  Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms.  20 C.F.R. § 404.1529 (1991).  However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

3

08-362  Doyle Roberts

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment.  The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id.  Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987).  Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

4

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had.  E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category

if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance

on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Roberts, a 43-year-old former heavy equipment operator, laborer, cashier, cook and dishwasher with a high school education, suffered from impairments related to dysthymia, anxiety and obesity.  (Tr. 15, 19).  While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of heavy level work.  (Tr. 16-17, 19).  Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled.  (Tr. 19-20).  The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert Joyce Forrest included such non-exertional limitations as (1) a restriction to entry-level positions with simple, repetitive procedures, no frequent changes in work routines, no

08-362  Doyle Roberts

requirement for detailed or complex problem solving, independent planning or setting of goals; (3) no fast-paced assembly lines or rigid production schedules; and (4) an object-oriented environment with only occasional interaction with co-workers, supervisors or the general public.  (Tr. 283-284).  In response, Forrest identified a significant number of jobs which could still be performed including such positions as security guard (4,000 statewide jobs), light commercial cleaner (8,000 statewide jobs), and hand packer (8,000 jobs).  (Tr. 284-285).  Therefore, assuming that the vocational factors considered by Forrest fairly characterized Roberts' condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

No treating or examining source suggested the existence of more severe physical restrictions than those found by the ALJ including the staff at Frontier Nursing (Tr. 99-101), the staff at Beechfork Clinic (Tr. 134-147), the staff at Mary Breckinridge Healthcare (Tr. 198-209), and the staff at the Mountain Comprehensive Health Corporation (Tr. 217-254).  The plaintiff has not argued that the ALJ erred in evaluating his physical condition.

With regard to the framing of the mental factors of the hypothetical question, the undersigned finds no error.  Roberts sought treatment for his mental problems at the Kentucky River Comprehensive Care Center.  (Tr. 102-133, 148-152, 156).  A panic disorder without agoraphobia and a major depression were diagnosed.  (Tr.

08-362  Doyle Roberts

132).   More specific mental limitations than those found by the ALJ were not reported.

In May of 2007, Roberts was examined by Psychologist Syed Raza.[1]  Raza diagnosed a major depression of "moderate" severity.  (Tr. 215).  The examiner did not identify specific mental limitations.   Raza did rate the plaintiff's Global Assessment of Functioning (GAF) at 75.  Such a GAF suggests the existence of no more than "slight" psychological impairment according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34.  The ALJ's findings were compatible with this opinion.

Dr. Basavapunna Kaza was the only other mental health professional of record.  Dr. Kaza examined Roberts in June of 2004 and diagnosed a major depression with severe anxiety.[2]  (Tr. 155).  The doctor also did not identify specific mental limitations.  (Tr. 154-155).  Dr. Kaza rated the plaintiff's GAF at 50.  (Tr. 155).  Such a GAF suggests the existence of "serious" psychological symptoms.  The ALJ rejected Dr. Kaza's opinion and relied upon the opinion of Raza.  (Tr. 18).

---

[1]The ALJ referred to the examiner as Syed Ruzu.  (Tr. 18).  However, the report indicates that the name is actually Syed Raza.  (Tr. 216).

[2]Dr. Kevin Eggerman had previously examined the plaintiff but because his records, among others, could not be located, the Appeals Council remanded the case for a new hearing.  (Tr. 163-165).

9

08-362  Doyle Roberts

Roberts asserts that the ALJ erred in rejecting Dr. Kaza in favor of Raza. However, Dr. Kaza was, like Raza, a one-time examiner and, so, his opinion was not entitled to any superior weight.  Her v. Commissioner of Social Security, 203 F.3d 388, 390 (6th Cir. 1999).  As fact-finder, the ALJ could reasonably choose the opinion of Raza over that of Dr. Kaza and was not required to explicitly state the reasons for rejecting the opinion of this consultative examiner as he must do when discounting the opinion of a treating source.  Smith v. Commissioner of Social Security, 482 F.3d 873, 876 (6th Cir. 2007).  Therefore, the court finds no error.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 21st day of August, 2009.



**Signed By:**

**_G. Wix Unthank_**

**United States Senior Judge**